No. 92-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

HOWARD N. HORTON,

      Plaintiff and Respondent,

v.

RICHARD PRINKKI,

      Defendant and Appellant.

FILED

DEC 8 - 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Richard Prinkki, Pro Se, Missoula, Montana

      For Respondent:

      Walter E. Congdon, Congdon Law Offices,
Missoula, Montana


Submitted on Briefs: November 19, 1992

Decided: December 8, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is a landlord-tenant dispute. The District Court for the Fourth Judicial District, Missoula County, entered judgment for Howard N. Horton after a trial at which Richard Prinkki failed to appear. Prinkki appeals. We affirm.

Prinkki argues he was not given the notice required under Rule 55(b)(2), M.R.Civ.P., before a default judgment may be entered.

The record shows that in May 1990, Prinkki, appearing pro se, appealed to District Court from a judgment in favor of Horton entered by the Missoula County Justice Court. In July 1990, a hearing was held on Horton's motion for payment of rent. Prinkki appeared in person and was ordered to either pay a rental deposit pending trial or else vacate the premises at issue.

In January 1991, a pretrial conference was set for February 5, 1991, and later continued to February 12, 1991. Prinkki was apparently present at both pretrial conferences. Trial was set for November 1, 1991, then reset for March 12, 1992.

At trial, the District Judge stated that notice of the trial date was sent to Prinkki on January 30, 1992, but was returned with no forwarding address. The court stated that a new address was obtained and notice was mailed to Prinkki at that address on February 14, 1992, and on March 9, 1992, and that these two notices were not returned to the court, raising a presumption that Prinkki received them. Prinkki did not appear in person or by representa-

2

tive at trial. The court heard testimony on behalf of Horton and subsequently entered judgment for him.

Default judgment may be entered only when a party has failed to plead or otherwise defend. Rule 55(a), M.R.Civ.P. Default judgment would not be proper in this case, because Prinkki pled and defended his case, in part. The District Court file shows that default judgment was neither requested nor entered.

Here, judgment was entered after trial at which Prinkki failed to appear. Prinkki was given notice of the trial date. No defect has been shown in the notice. We therefore affirm the judgment of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Chief Justice

3

We concur:

_____
Kayla M. Gray

_____
R. C. McDonough

_____
William E. Hunter

_____
Terry Truman
Justices

December 8, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


RICHARD PRINKKI
P.O. Box 2983
Missoula, MT 59806


Walter E. Congdon
CONGDON LAW OFFICES
520 Brooks Street
Missoula, MT 59801


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
　　Deputy